# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA MECHANICAL, HEATING & AIR CONDITIONING, INC., a California corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SEI GROUP, INC., an Alabama corporation,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 06cv1232-LAB (NLS)<br><br>**ORDER DENYING MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE**<br><br>[Dkt No. 8] |

This diversity action alleging breach of a construction contract is before the court on defendant SEI Group, Inc.'s ("SEI") Motion For Dismissal Under FRCP Rule 12(b)(3) For Improper Venue Or In The Alternative Transfer To Proper District Pursuant to 28 U.S.C. § 1406(a) ("Motion"). Plaintiff Alpha Mechanical, Heating & Air Conditioning, Inc. ("Alpha") filed Opposition to the Motion, and SEI filed a Reply. Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues appropriate for decision on the papers and without oral argument. For the following reasons, the Motion is **DENIED**.

## I.   BACKGROUND

Alpha is a California corporation headquartered in San Diego, California. SEI is an Alabama corporation with its principal place of business in Alabama. Alpha filed its Complaint for breach of contract and promissory estoppel alleging diversity jurisdiction under 28 U.S.C. § 1332 and proper venue under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the litigation occurred within this judicial district.

1          This action arises out of the parties' conduct leading up to and after SEI's successful bid to obtain the prime contract for a project located at Marine Corps Air Station, Miramar, San Diego County, to repair air handlers in an engine maintenance shop ("Project"). The Complaint alleges SEI began its bid preparations prior to July 2005 and asked Alpha to prepare and submit a design/build bid for the entire scope of work on the Project. Alpha submitted a bid on about July 29, 2005. Compl. Exh. A. On August 15, 2005, Alpha provided SEI with a more detailed breakdown of the bid, at SEI's request. Compl. Exh. B. Alpha believes it was the only subcontractor to submit a bid to SEI, and that SEI used Alpha's bid to obtain the general contract for the Project from the government. Alpha alleges it received express representations from SEI's principals that Alpha's bid would be accepted and Alpha would become the contractor to perform the work if SEI were awarded the prime contract. Based on those interactions, Alpha alleges: "[N]o later than September of 2005, when SEI was awarded the prime contract by the Marine Corps, a binding contract was formed between Alpha and SEI, the essential terms of which were that Alpha would provide the work required for the Project for the price and conditions set forth in Alpha's bid, subject to potential modifications as the precise quantities, design, materials and scope of work may have changed through the design process."[1] Compl. ¶ 10.

          Through subsequent conduct and verbal and written communications, Alpha alleges SEI reaffirmed its acceptance of Alpha's bid, and both sides performed under the terms of their agreement for about eight months after SEI was awarded the prime contract. SEI required Alpha's project manager and design team to participate in job site and design meetings in October 2005, at which times Alpha was introduced to the Marine Corps as SEI's major subcontractor. Alpha alleges it assembled a design team and was actively involved in the design and planning portion of the Project through May 2006, during which period SEI told Alpha the Marine Corps required two modifications affecting Alpha's scope of work, with their contractual agreement modified accordingly.

---

[1] "[I]t is Alpha's position that the contract at issue is the initial RFP from the government to SEI and Alpha's corresponding bid, which occurred in June and July of 2005. . . . Alpha subsequently performed in accordance with that agreement for many months. . . . The contract was confirmed by SEI's representations and by the conduct of the parties. However, some time before the March 30, 2006 RFQ, SEI decided to terminate Alpha and try to issue Alpha's contract work to another entity. The artifice to accomplish that goal was the RFQ. Accordingly, it is Alpha's position that by the time of the March 30, 2006 RFQ, SEI had already breached the contract. Thus, the March 30, 2006 was never part of any contract between the parties." Opp. 7:21-8:2.

1    Alpha alleges that no later than March 2006, without informing Alpha and while continuing
2  to demand further work from Alpha with affirmative representations Alpha was the Project
3  subcontractor, SEI began "shopping" Alpha's bid and the price SEI and Alpha had negotiated to other
4  contractors to see if others would be willing to perform the work for a lesser price. Alpha alleges it
5  discovered in approximately May 2006 that SEI was engaged in secret discussions with other
6  subcontractors and confronted SEI, asserting its position that the parties had a contract Alpha expected
7  SEI to honor. On about May 17, 2006, SEI informed Alpha by letter that for reasons Alpha contends
8  are pretextual or false, SEI denied the existence of a contract and indicated it would be giving the work
9  to different subcontractor, conduct Alpha characterizes as anticipatory repudiation of contract.

10    Alpha now sues for compensatory damages under two causes of action: breach of contract and
11 promissory estoppel. SEI answered the complaint and simultaneously moves for dismissal or transfer
12 asserting venue is improper in this district. "SEI disputes it had a subcontract with Alpha, but asserts
13 that pursuant to a March 30, 2006 proposal or quotation signed by ALPHA, that [*sic*] a forum selection
14 clause contained therein requires any dispute arising from allegations of breach of contract 'shall be
15 resolved in the courts of the State of Alabama.'" Mot. 2:9-12; *see* Eversole Decl. and Decl. Exh. B.
16 Whether the parties had an enforceable contract -- and which manifestation of a purported contract
17 should define its terms -- are material and disputed issues of fact.

## II.  DISCUSSION

### A.  Motions To Dismiss Or Transfer On Improper Venue Grounds

20    Pursuant to 28 U.S.C. § 1406(a), the district court in which an action is wrongly filed shall
21 dismiss the action or may transfer the case to any district where it could have been brought. Federal
22 Rule of Civil Procedure ("Rule") 12(b)(3) provides "improper venue" may be asserted by motion,
23 including venue challenges based on a forum selection clauses. Argueta v. Banco Mexicano, S.A., 87
24 F.3d 320, 324 (9th Cir. 1996). Federal law governs the validity of a forum selection clause. Manetti-
25 Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988). Courts may consider evidence
26 outside the pleadings in deciding such motions, and the pleadings need not be accepted as true, unlike
27 Rule 12(b)(6) review standards. Argueta, 87 F.3d at 324. The court may decide venue issues by
28 considering affidavits or declarations and discovery materials, and may deny enforcement of forum

selection clauses for reasons such as fraud, undue influence, overweening bargaining power, or serious inconvenience in litigating in the foreign court.  Id.

A court deciding a Rule 12(b)(3) motion based on a forum selection clause must draw all reasonable inferences and resolve all factual conflicts in favor of the party opposing enforcement of the clause.  Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138-39 (9th Cir. 2004).  In addition, when the venue facts are inextricably intertwined with the merits of the action, the court may properly defer resolution of the venue issue until the factual record is more fully developed.  *See* Data Disc, Inc. v. Systems Technology Assocs., Inc., 557 F.2d 1280, 1285, n.2 (9th Cir. 1977) (approving deferral until trial the resolution of personal jurisdictional issues intertwined with merits issues).

### B. Propriety Of Venue In This District

Venue is proper in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred" or "a substantial part of the property that is subject to the action is situated" when diversity jurisdiction is alleged.  28 U.S.C. § 1391. Venue would normally be proper in this district in this case because the Project and the work Alpha was to perform for SEI are situated in San Diego County.

SEI contends the parties had no contract or, alternatively, if they did, it is embodied in the March 2006 Request For Quotation ("RFQ"), SEI's document containing as one of its term a forum selection clause SEI argues should trump normal venue analysis under the statute.  The RFQ solicits "your Firm Fixed Price quotation in accordance with the instructions provided herein."  Eversole Decl. Exh. B, p. 1.  Alpha completed the 28-page RFQ form and executed it March 30, 2006, transmitting its firm bid for the Project scope of work described therein.  The form contains a paragraph headed "Choice of Forum," purporting to bind the parties to resolve any disputes associated with "this agreement" in Alabama courts.[2]  That RFQ post-dates by several months the period of contract formation alleged in the Complaint.  SEI does not address Alpha's Complaint allegations that by writing, conduct, oral promises, or some combination of those, Alpha and SEI had a contractual

---

[2] The clause SEI relies on appears at page 10 of the 28-page RFQ and provides in its entirety: "CHOICE OF FORUM.  All disputes or questions regarding the interpretation of the documents forming ***this agreement*** and regarding any Breach of Contract ***thereof*** shall be resolved in the Courts of the State of Alabama."  Eversole Decl. Exh. B, p. 10, ¶ 5 (emphasis added).

1  relationship from the time SEI was awarded the prime contract. Alpha traces the course of their
2  dealings in preparing SEI's bid to the Marine Corps and SEI's incorporation of Alpha's bid into its own
3  bid, and the parties' conduct through the fall and winter of 2005-2006 in support of its contentions.
4  SEI makes no attempt to refute Alpha's *prima facie* showing that the parties' course of conduct months
5  before the RFQ solicitation could be reasonably construed, assuming a proper evidentiary foundation,
6  as having created contractual rights and obligations between these parties. SEI does not demonstrate
7  the RFQ is itself a binding contract. SEI's Motion assumes the court will simply adopt the RFQ forum
8  selection clause, despite SEI's concurrent position disputing the existence of any contract between
9  these parties related to the Project and despite Alpha's indication SEI actually accepted another
10 subcontractor's RFQ rather than Alpha's.

11 Without speculating on the merits of the parties' competing contentions regarding the existence
12 or terms of an enforceable contract, or any breaches of contract or related obligations, the court finds
13 on its face and in the absence of any evidence to the contrary, the RFQ, standing alone, appears to
14 constitute no more than a binding offer from Alpha to SEI to perform the defined scope of work for
15 a particular price with an express fixed term of "ninety (90) days from bid" during which time "[a]ll
16 Proposals submitted shall be considered firm for acceptance." Id. p. 2. Unless SEI accepted the bid
17 -- and its Motion position that it had no contractual relationship with Alpha suggests it did not -- the
18 court fails to see how any of the contractual terms embodied in the RFQ would be enforceable against
19 either party, including the forum selection clause. SEI thus has not established the existence of a
20 contractually binding forum selection clause, the sole foundation for its Motion to change the litigation
21 venue. Accordingly, the court need not reach Alpha's other arguments in support of denying the
22 Motion.

### III.   CONCLUSION AND ORDER

For all the foregoing reasons, **IT IS HEREBY ORDERED** defendant's Motion For Dismissal Or Transfer For Improper Venue is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 3, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge